IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ron Santa McCray, | C/A No.: 1:19-1574-TLW-SVH |
| Plaintiff, | |
| vs. | |
| The S.C. Department of Corrections; Warden Williams; Major Clark; Warden Shepard; Warden Montrel; Lt. Brown; Chaplain Curtino; S.C.D.C. Director Bryan Stirling; Nurse Delarosa; Nurse Mauney; Nurse Wauthen, | ORDER AND NOTICE |
| Defendants. | |

Ron Santa McCray ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against the defendants alleging violations of his constitutional and statutory rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff is an inmate at Lieber Correctional Institution ("Lieber") and brings this action against a number of Lieber and South Carolina Department of Corrections ("SCDC") employees in both their individual and official

capacities. Plaintiff alleges the defendants impermissibly burdened the free exercise of his religion by preventing him from gathering with other Wiccans and denying him access to necessary essential oils from April 2018 to February 2019. [ECF No. 1 at 6–13]. Plaintiff also alleges the defendants denied him recreation and access to the courts during this time, failed to maintain adequate staffing levels, and placed him in a cell with an inmate with shingles. *Id.* at 16–25. Plaintiff further asserts the defendants conspired to violate his rights, acted with racial animus, and retaliated against him. *See id.* at 7–26. Plaintiff requests monetary damages. *Id.* at 27.

II. Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true,

3

to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Plaintiff fails to support his claim with any facts, let alone sufficient facts to state a plausible § 1983 claim.

1. Eleventh Amendment Immunity

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The

---

[1] Plaintiff's Complaint is properly before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

4

United States Supreme Court has long held the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001).

Because the defendants in this case are employees of the state, while acting in their official capacities, they are considered an arm of the state and not a "person" within the meaning § 1983. *See Pennington v. Kershaw Cnty., S.C.*, No. 3:12-1509-JFA-SVH, 2013 WL 2423120, at *4 (D.S.C. June 4, 2013) (citing S.C. Code Ann. § 4-1-10 and applying the Eleventh Amendment to a county as "a political subdivision of the State"); *Chisolm v. Cannon*, C/A No. 4:02-3473-RBH, 2006 WL 361375, at *5–6 (D.S.C. Feb. 15, 2006) (finding Charleston County Detention Center entitled to Eleventh Amendment immunity as an arm of the state); *Cone v. Nettles*, 417 S.E.2d 523, 525 (S.C. 1992) (employees of a county Sheriff are state officials); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983.").

A state cannot, without its consent, be sued in a district court of the United States by one of its own citizens upon the claim that the case is one arising under the Constitution and laws of the United States. *Edelman*, 415 U.S. at 663. The State of South Carolina has not consented to be sued in this

5

case, *see* S.C. Code Ann. § 15-78-20(e); thus, as arms of the state, the named defendants, in their official capacities, are immune from Plaintiff's claims for damages.

### 2. Supervisory Liability

The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization).

Plaintiff has not alleged an official policy or custom resulting in the alleged constitutional violations or that the defendants were deliberately indifferent to a pervasive, unreasonable risk of harm.

Thus, to assert a viable § 1983 claim against the defendants, a causal connection or affirmative link must exist between each defendant and the constitutional violation. *See Iqbal*, 556 U.S. at 676 (providing a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (finding a § 1983 plaintiff must show he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *Vinnedge*, 550 F.2d at 928 (holding for an individual to be liable under § 1983, it must be affirmatively shown the official charged acted personally in the deprivation of the plaintiff's rights). Plaintiff fails to allege an affirmative link between any of his alleged constitutional violations and the named defendants.

3. RFRA

To the extent Plaintiff attempts to allege a claim under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, that claim is subject to summary dismissal because RFRA is unconstitutional as applied to states and their agencies, including SCDC. *See City of Boerne v. Flores*, 521 U.S. 507,

7

532–36 (1997) (holding RFRA unconstitutional as applied to states and their agencies because it exceeds Congress's power under Section 5 of the Fourteenth Amendment to enforce that Amendment's protections).

4. RLUIPA

To the extent Plaintiff attempts to allege a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, that claim is subject to summary dismissal. RLUIPA does not authorize a claim for money damages against an official sued in his individual capacity. *Rendelman v. Rouse*, 569 F.3d 182, 187–89 (4th Cir. 2009). Sovereign immunity prevents damage awards against the defendants in their official capacities. *Madison v. Virginia*, 474 F.3d 118, 129–33 (4th Cir. 2006).

Accordingly, Plaintiff's complaint is subject to summary dismissal for failure to plead sufficient facts to state viable federal claims.

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by June 25, 2019, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint,

the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

June 4, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge