IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ron Santa McCray | ) |
| | ) |
| Plaintiff, | ) Case No. 1:19-cv-1574-TLW |
| vs. | ) |
| | ) **ORDER** |
| The S.C. Department of Corrections; Warden Williams; Major Clark; Warden Shepard; Warden Montrel; Lt. Brown; Chaplain Curtino; S.C.D.C. Director Bryan Stirling; Nurse Delarosa; Nurse Mauney; and Nurse Wauthen, | ) |
| Defendants. | ) |

Plaintiff Ron Santa McCray brought this action, *pro se*, on May 30, 2019. ECF No. 1. This matter now comes before the Court for review of the Report and Recommendation (the Report) filed by United States Magistrate Judge Shiva V. Hodges, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), (D.S.C.). ECF No. 14. The Report recommends that Plaintiff's Complaint should be summarily dismissed with prejudice and without issuance of service of process. *Id.* Petitioner filed Objections to the Report, ECF No. 16, and a party inmate, Lawrence L. Crawford, filed a Motion to Intervene in this case, ECF No. 17. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections …. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has carefully reviewed, *de novo*, the Report, the Objections, and the relevant filings. As noted in the Report, Plaintiff has not complied with the Court's instructions and has not brought this case into proper form. Further, as noted in the Report, Plaintiff fails to state a viable claim for relief. Thus, for the reasons articulated by the Magistrate Judge,[1] it is **ORDERED** that the Magistrate Judge's Report, ECF No. 14, is **ACCEPTED**, and Petitioner's Objections, ECF No. 16, are **OVERRULED.** Additionally, the court has considered Lawrence Crawford's motion to intervene, ECF No. 17, and finds that motion is hereby **MOOT**. The complaint, ECF No. 1, is hereby **DISMISSED** with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

                                                _s/Terry L. Wooten_
                                                Senior United States District Judge

August 26, 2019
Columbia, South Carolina

---

[1] Specifically, failure to comply with Rule 8(a)(2), Eleventh Amendment immunity, no personal involvement or supervisory liability, unconstitutionality of RFRA as applied to the states, and lack of official-capacity liability under RLUIPA.